BROWN vs. GAUSS.

Assumpsit will not lie for services rendered under a contract under seal.

## APPEAL from Chariton Circuit Court.

CLARK, *for Appellant,* contended :

1st. This being an action for money had and received, to the plaintiff's use, the only question involved was, whether the defendant had received money belonging to, or for the use of the plaintiff, and whether he had, or not, was a question for the jury and not for the Court. 7th J. R. 132. If this position is correct, the Court clearly erred in the instruction given, by which the case was taken entirely from the jury.

2d. It is contended that by the agreement between Brown and Gauss, Brown was to have the boy Robert, if all three negroes were found by Brown, or any other person; and if any number less than the three were found, he was to have in like proportion; in case all were found, he was to pay back to Gauss the fifty dollars advanced, and the reward and expenses of the negroes while confined, if the same were claimed; there being no reward or fees claimed, Brown, as a matter of course, had none to pay, and the fifty dollars which Gauss had advanced to him, and which he was to refund, in case all the negroes were found, was but a debt due from him to Gauss upon that contingency, and did not affect his right to the boy Robert; but, if it did, when Gauss sold him and received the money, he received for his own use all that Brown was bound to refund, and the balance to Brown's use. 1st Wend. 202; 6th Cowen 90; 3d Cowen 624.

3d. If Brown had a right to the boy Robert, when all three negroes were found, he had the privilege of affirming the sale made by Gauss, and proceeding against him for money had and received in this form of action; and to maintain his action, he was bound to show his interest in the property sold, which was amply shown by the written contract between the parties. 6th Cowen 90.

DAVIS, *for Appellee,* contended:

That the record shows in the appellant no right of recovery in this action.

1st. Because the written contract given in evidence is still subsisting between the parties, and not executed or otherwise put an end to.

2d. Because by the terms of that contract, the property in the slaves, or any part of them, never did vest in Brown, until he does certain acts and performs certain conditions precedent, and until the property vests, money had received will not lie for a sale of it by another. See 1 Ch. Pl. 340; 7 Mo. R. 433; Christy vs. Price, adm'r.

SCOTT, J., *delivered the opinion of the Court.*

This was an action of assumpsit on the common counts, in which the appellant Brown, the plaintiff, submitted to a non-suit, and after failing to have the same set aside, appealed to this Court.

It seems that Gauss, the defendant and appellee, had lost three slaves, who had escaped from his service; with a view to recover them, he entered into contract under seal with Brown. This contract contained many stipulations respecting the compensation of Brown for retaking the slaves. After the execution of the agreement, Brown went in pursuit of the slaves, in various directions, and spent some twenty-five or thirty days in endeavoring to find them. He was unsuccessful. The slaves, it seems, afterwards came to the possession of their master, Gauss, and were sold by him. This action is brought by Brown, to recover the compensation to which, he alleges, he is entitled under the agreement.

The only question in this case is, whether an action of assumpsit will lie for the services rendered by Brown, there being a contract under seal respecting the compensation to which he is entitled. This question has been repeatedly determined by this Court, and it must now be considered as at rest. Clendennen vs. Paulsel, 3d Mo. R. 230; Crump vs. Mead, et al, ibid 231; Garred vs. Macey & Doniphan, 10th Missouri Reports, Judge Story, in the case of the bank of Columbia vs. Patterson's adm'rs. 7th Cr. 299, says: we take it to be incontrovertibly settled, that *indebitatus assumpsit* will lie to recover the stipulated price due on a special contract not under seal, when the contract has been completely executed. There is nothing in this case to distinguish it from the others. The sealed contract has merged all others of an inferior nature, and recourse can only be had to it.

The other Judges concurring, the judgment will be affirmed.